Frances Bourliot, Esq.
GONZALEZ OLIVIERI, LLC
9920 Gulf Freeway, Suite 100
Houston, TX 77034
Tel: 713-481-3040
Fax: 713-588-8683
*Counsel of Record for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| ENRIQUE PEREZ CRUZ, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | Case No. 9:26-cv-00135 |
| | § | |
| v. | § | |
| | § | |
| KRISTI NOEM, Secretary of the Department | § | Date: March 20, 2026 |
| of Homeland Security; KIKA SCOTT, Acting | § | |
| Director of the U.S. Citizenship and Immigration | § | |
| Services; WALLACE CARROLL, Houston Field | § | |
| Office Director of the U.S. Citizenship and | § | |
| Immigration Services; TODD LYONS, Senior | § | |
| Official Performing the Duties of the Director | § | |
| For U.S. Immigration and Customs Enforcement | § | |
| | § | |
| *Defendants.* | § | |

## EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Comes the plaintiff, Enrique Perez Cruz, pursuant to 5 U.S.C. § 705 and Rule 65(b) of the Federal Rules of Civil Procedure, and respectfully moves the Court for the entry of a Temporary Restraining Order ("TRO") compelling defendants to carry out their responsibilities as has been laid out by Congress and their own policies and allow plaintiff to have his biometrics taken, so that his I-485 application for adjustment of status may be adjudicated. The grounds for this motion are as follows:

(1) The plaintiff filed a Complaint with this Court, alleging that the United States Citizenship and Immigration Services ("USCIS" or the "Service") and Immigration and Customs Enforcement ("ICE") have failed to carry out their responsibilities as laid out by Congress and refused to follow their own previously laid out policies.

(2) Plaintiff was detained by ICE on March 3, 2025. *See* Dkt. No. 1 ¶ 3. Since his detention, the Service has scheduled him for multiple biometrics appointments, which is a requirement for adjudication of his Form I-485, Application for adjustment of status to that of a Legal Permanent Resident. *See* Dkt. No. 1 ¶¶ 2-3.

(3) Specifically, the Service scheduled him for three biometrics appointments, on July 18, 2025, August 15, 2025, and September 12, 2025, respectively, all of which he was prevented from attending due to his detention. *See* Ex. 3-5, Dkt. 1.

2

(4) During this time, ICE failed to comply its intradepartmental agreement with USCIS, which up until only December 5, 2025, tasked ICE with collecting biometrics for aliens in their custody. *See* Ex. 6, Dkt. 1. ICE failed to complete biometrics requirement for Plaintiff even though these biometrics appointments were scheduled prior to the USCIS December 5, 2025, policy alert, removing the requirement for ICE to collect biometrics of aliens in custody. *See* Ex. 6-7, Dkt. 1.

(5) Because ICE has repeatedly failed to either provide plaintiff's biometrics to USCIS or allow plaintiff to have his biometrics taken by the Service, Plaintiff runs the risk of having his adjustment application deemed abandoned through no fault of his own.

(6) The Service has again scheduled Plaintiff for his biometrics appointment on March 24, 2026, at 12:00 PM at USCIS Houston Southwest, but he remains detained by ICE in Livingston, Texas. *See* Exhibit 1 – Biometrics Appointment Notice (Feb. 24, 2026); Exhibit 2 – ICE Detainee Locator Printout.

(7) As stated, Plaintiff's detention by ICE has previously prevented the completion of this biometrics requirement, on account of ICE's unwillingness to carry out the terms of its intradepartmental agreement with USCIS which, up until only a few months ago, tasked ICE with

3

collecting biometrics for aliens in their custody. *Id.*

(8) Based on the foregoing, the Plaintiff respectfully moves for an emergency order from this Court compelling the Defendants to complete his biometrics requirement on the scheduled date of March 24, 2026. Such relief is necessary to prevent the Service from deeming his adjustment application abandoned, and to allow the Service to proceed with adjudication of the application.

(9) In the alternative, if the Court declines to issue an order compelling completion of his biometrics as scheduled, Plaintiff respectfully requests that the Court enter an order temporarily restraining USCIS from adjudicating his Form I-485 until this Court renders a decision on his complaint.

(10) Plaintiff's Form I-485 is based on his eligibility for adjustment of status under the Cuban Adjustment Act. *See* Dkt. No. 1 ¶ 40.

(11) Although Plaintiff is presently in removal proceedings, only the USCIS has jurisdiction over adjustment of status under the Cuban Adjustment Act ("CAA"), and as a result Immigration judge over Plaintiff's removal proceedings has continued his removal hearing several times to allow for adjudication of his Form I-485 (which can only be adjudicated by the USCIS, since it is based on the CAA). *See* Dkt. No. 1 ¶¶ 48-51.

(12)   Therefore, if Plaintiff is prevented from having his biometrics taken on March 24, 2026, and if USCUS is not temporarily restrained from adjudicating his Form I-485, USCIS can deem Plaintiff's Form I-485 abandoned and deny it on that basis. Resultantly, Plaintiff will have no relief from removal and can be ordered removed by the Immigration Judge despite his eligibility for adjustment of status under the CAA.

(13)   Based on the foregoing, a Temporary Restraining Order is needed to preserve the status quo, to prevent irreparable injury to the Plaintiff, and to allow the Court to render effective relief should this complaint be granted. Otherwise, Plaintiff would have no adequate remedy at law.

(14)   Pursuant to Rule 65 of the Federal Rules of Civil Procedure and Rule CV-7(h) of the Local Rules of the United States District Court for the Eastern District of Texas, Defendants have been notified of Plaintiff's intent to file the present motion by email and by phone.

(15)   Any harm to defendants from being compelled to complete Plaintiff's biometrics requirement or, alternatively, temporarily restraining their adjudication of plaintiff's application for adjustment, would be outweighed by the risk of plaintiff's due process rights being violated.

(16)   Finally, granting the requested preliminary relief will serve the public interest.

(17)   5 U.S.C. § 705 and Rule 65(b) of the Federal Rules of Civil Procedure, authorize the Court to issue such TRO as shall be deemed just in these circumstances, to preserve status or rights pending conclusion of these proceedings.

WHEREFORE, the Plaintiff respectfully prays that this honorable Court issues an order compelling Defendants to complete Plaintiff's biometrics requirement at the March 24th, 2026, appointment, or, in the alternative, issue an order temporarily restraining USCIS from adjudicating plaintiff's I-485 application until the Court renders its decision on his Complaint.

Respectfully submitted,

*/s/ Frances Bourliot* .
Frances Bourliot, Esq.
Attorney for Plaintiff
Texas Bar No. 24062419
9920 Gulf Freeway, Suite 100
Houston, TX 77034
Phone: (713) 481-3040,
Fax:   (713)588-8683
fbourliot@gonzalezolivierillc.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| ENRIQUE PEREZ CRUZ, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | Case No. 9:26-cv-00135 |
| | § | |
| v. | § | |
| | § | |
| KRISTI NOEM, Secretary of the Department | § | Date: March 20, 2026 |
| of Homeland Security; KIKA SCOTT, Acting | § | |
| Director of the U.S. Citizenship and Immigration | § | |
| Services; WALLACE CARROLL, Houston Field | § | |
| Office Director of the U.S. Citizenship and | § | |
| Immigration Services; TODD LYONS, Senior | § | |
| Official Performing the Duties of the Director | § | |
| For U.S. Immigration and Customs Enforcement | § | |
| | § | |
| *Defendants.* | § | |

## INDEX OF EXHIBITS

Exhibit 1    Biometrics Appointment Notice (Feb. 24, 2026)

Exhibit 2    ICE Detainee Locator Printout

## <u>Certificate of Service</u>

This will certify that a true and correct copy of the foregoing was served upon counsel for defendants, Daniel Gaffney, electronically via email and via the Court's CM/ECF system on March 20, 2026

Respectfully submitted,

*/s/ Frances Bourliot*                              .
Frances Bourliot, Esq.
Attorney for Plaintiff
Texas Bar No. 24062419
9920 Gulf Freeway, Suite 100
Houston, TX 77034
Phone: (713) 481-3040,
Fax:   (713)588-8683
fbourliot@gonzalezolivierillc.com

8

## Certificate of Conference under CV-7(i)

This certifies that, pursuant to Local Rule CV-7(h) of the United States District Court for the Eastern District of Texas, undersigned counsel has complied with the meet and confer requirement in Local Rule CV-7(h). The Conferences took place on March 12, 13, 16, and 17, 2026. Attorney Ezinne Okoko, Esq. for the Plaintiff, and Attorney Daniel Gaffney, Esq., for the Defendants, participated in these conferences.

Attorney Gaffney advised Attorney Okoko that the representatives for Defendant USCIS and Defendant ICE were to meet to discuss a possible resolution on Plaintiff's biometrics appointment, which is the subject of this motion. However, the representative for Defendant USCIS was unavailable for said discussion due to health reasons. As a result, no agreement could be reached, and discussions have ended in an impasse, leaving an open issue for the Court to resolve. Counsel for Defendant also informed attorney Okoko that the Defendants oppose the present motion. As such, the present motion is opposed.